UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. 3:20-cv-00432

PHYLLIS N. WILLIAMS-YOUNG,

    Plaintiff,

v.

SEQUIUM ASSET SOLUTIONS, LLC,

    Defendant.
_____/

## COMPLAINT

NOW COMES PHYLLIS N. WILLIAMS-YOUNG, through undersigned counsel, complaining of SEQUIUM ASSET SOLUTIONS, LLC, as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. PHYLLIS N. WILLIAMS-YOUNG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

9. SEQUIUM ASSET SOLUTIONS, LLC, ("Sequium") is a limited liability company organized and existing under the laws of Georgia.

10. Sequium has its principal place of business at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067.

11. Sequium is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Sequium's business is the collection of debt.

12. Sequium is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Sequium is a "person" as defined by 47 U.S.C. § 153(39).

14. Sequium is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7017.

16. At all times relevant, Plaintiff's number ending in 7017 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. Plaintiff obtained services through AT&T.

19. Last year, Plaintiff had a billing dispute.

20. Ultimately, the dispute was resolved with AT&T crediting Plaintiff's account.

21. Once resolved, Plaintiff switched providers.

22. On January 15, 2020, Sequium mailed Plaintiff written correspondence.

23. This correspondence said:

| Account Information | |
|---|---|
| Date: | 01/15/20 |
| Reference #: | 33322092 |
| Creditor Name: | AT&T U-Verse |
| Creditor Account #: | 250249501 |
| Bal Due: | $148.35 |

Dear Phyllis Williams-Young:

The account listed above has been in a delinquent status for an extended period of time and remains unresolved.

24. Plaintiff's alleged $148.35 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. Plaintiff's alleged $148.35 balance is a "debt" as defined by Fla. Stat. § 559.55(6).

26. Plaintiff's alleged $148.35 balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

27. Thereafter, Plaintiff started to receive phone calls from Sequium.

28. On multiple occasions, Plaintiff answered.

29. Each time Plaintiff answered, she was met by noticeable clear pause prior to being connected to an agent.

30. On multiple occasions – including on March 17, 2020 and March 18, 2020 – Plaintiff explained she did not owe this debt.

31. Both days, Plaintiff also told Sequium "[s]top calling!"

32. Sadly, these phone calls continued.

33. All in all, Plaintiff received no less than five unconsented to, unwanted phone calls from numbers leading back to Sequium – including, (904) 638-0148 and (904) 800-5171.

34. Sequium's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from distraction caused by phone calls, wear and tear to Plaintiff's cellular handset, intrusion upon and occupation of Plaintiff's cellular service, temporary loss of use of Plaintiff's cellular service, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular handset as a result of increased usage of Plaintiff's cellular services, and wasting Plaintiff's time.

35. Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Sequium's unlawful collection practices stopped.

36. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Sequium's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

37. Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

38. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

39. Sequium violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to stop. *See Chiverton v. Federal Financial Group, Inc.*, 399 F. Supp. 2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to stop calling amounted to harassment).

40. The phone calls at issue were intended to be annoying, abusive, or harassing.

**Violation of 15 U.S.C. § 1692e**

41. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and e(10).

42.    Sequium violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by seeking to collect on debt that Plaintiff *did not owe*.

43.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5), e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, requests the following relief:

A.    a finding that Sequium violated 15 U.S.C. § 1692d(5);

B.    an award of any actual damages sustained by Plaintiff as a result of Sequium's violation(s);

C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

44. Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Sequium placed or caused to be placed no less than five non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

46. Upon information and belief, based on the "clear pause" Plaintiff experienced, Sequium employed an ATDS to place calls to Plaintiff's cellular telephone.

47. Upon information and belief, the ATDS employed by Sequium transfers the call to a live representative once a human voice is detected, hence the clear pause.

48. Upon information and belief, the ATDS employed by Sequium has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

49. Upon information and belief, Sequium acted through its agents, employees, and/or representatives at all times relevant.

50. As a result of Sequium's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

51. As a result of Sequium's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

  A.  a finding that Sequium violated 47 U.S.C. § 227 *et seq*.;

  B.  an award of statutory damages of at least $500.00 for each and every violation;

  C.  an award of treble damages of up to $1,500.00 for each and every violation; and

  D.  an award of such other relief as this Court deems just and proper

## COUNT III:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

52. Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Fla. Stat. § 559.72

53. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

54. Sequium violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

55. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not

exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Sequium violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiff as a result of Sequium's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 27, 2020                             Respectfully submitted,

**PHYLLIS N. WILLIAMS-YOUNG**

By: *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com